IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| THE MAJESTIC STAR CASINO II, INC., | ) ) ) | Case No. 09-14135 ( ) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| THE MAJESTIC STAR CASINO LLC, | ) ) ) | Case No. 09-14136 ( ) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| THE MAJESTIC STAR CASINO CAPITAL CORP., | ) ) ) ) | Case No. 09-14137 ( ) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| MAJESTIC STAR CASINO CAPITAL CORP. II, | ) ) ) ) | Case No. 09-14141 ( ) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 11 |
| BARDEN MISSISSIPPI GAMING, LLC, | ) ) ) | Case No. 09-14139 ( ) |
| Debtor. | ) ) ) | |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BARDEN COLORADO GAMING, LLC, | ) Case No. 09-14140 ( ) |
| | ) |
| Debtor. | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| MAJESTIC HOLDCO, LLC, | ) Case No. 09-14142 ( ) |
| | ) |
| Debtor. | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| MAJESTIC STAR HOLDCO, INC., | ) Case No. 09-14143 ( ) |
| | ) |
| Debtor. | ) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THEIR RELATED CHAPTER 11 CASES

The above-captioned debtors, as debtors and debtors in possession (collectively, the "Debtors"), hereby move the Court pursuant to this motion (the "Motion") for entry of an order, substantially in the form annexed hereto as Exhibit A, directing the procedural consolidation and joint administration of these chapter 11 cases. In support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").

### Background

4. On November 23, 2009 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition with the Court for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made, and no committees have been appointed or designated, in these cases.

5. A description of the Debtors' businesses and the reasons for filing these cases is set forth in the Declaration of Jon S. Bennett, Senior Vice President and Chief Financial Officer, in Support of First Day Motions (the "<u>First Day Declaration</u>"), which was filed contemporaneously herewith and which is incorporated herein by reference.[1]

### Relief Requested

6. The Debtors seek entry of an order directing the consolidation and joint administration of their related cases for procedural purposes only. Specifically, the Debtors request that the Court maintain one file and one docket for all of the jointly administered cases

---

[1] The facts and circumstances supporting this Motion are also set forth in greater detail in the First Day Declaration.

under the case number assigned to the case of The Majestic Star Casino, LLC (Case No. 09-14136), and that these cases be administered under a consolidated caption, as follows:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| THE MAJESTIC STAR CASINO, LLC, et al.,[1] | ) Case No. 09-14136 ( ) |
| Debtors. | ) Jointly Administered |

---

[1] The Debtors in these cases, along with the last four digits of each debtor's federal tax identification number, include: The Majestic Star Casino, LLC (4986); The Majestic Star Casino II, Inc. (0927); The Majestic Star Casino Capital Corp. (0872); Majestic Star Casino Capital Corp. II (9309); Barden Mississippi Gaming, LLC (8783); Barden Colorado Gaming, LLC (8674); Majestic Holdco, LLC (4648); and Majestic Star Holdco, Inc. (9415). The corporate address for the Debtors is 301 Freemont Street, 12th Floor, Las Vegas, Nevada 89101.

7. The Debtors also request that an entry be made on the docket of each of the Debtors' cases, other than the case of The Majestic Star Casino, LLC, that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing the procedural consolidation and joint administration of the chapter 11 cases of The Majestic Star Casino, LLC (Case No. 09-14136); The Majestic Star Casino II, Inc. (Case No. 09-14135); The Majestic Star Casino Capital Corp. (Case No. 09-14137); Majestic Star Casino Capital Corp. II (Case No. 09-14141); Barden Mississippi Gaming, LLC (Case No. 09-14139); Barden Colorado Gaming, LLC (Case No. 09-14140); Majestic Holdco, LLC (Case No. 09-14142); and Majestic Star Holdco, Inc. (Case No. 09-14143). All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 09-14136 (___).

8. Additionally, the Debtors request that the relief requested herein, if granted, be deemed to automatically apply to any chapter 11 case subsequently commenced in the Court by any affiliate of the Debtors, subject to reconsideration under Local Rule 1015-1.

### Basis for Relief

9. Bankruptcy Rule 1015(b) provides, in pertinent part, that "(i)f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Section 101(2) of title 11, United States Code (the "Bankruptcy Code," 11 U.S.C. §§ 101–1532) defines "affiliate" to include "[an] entity that directly or indirectly owns . . . 20 percent or more of the outstanding voting securities of the debtor," and "[a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned . . . by the debtor . . . ." 11 U.S.C. §§ 101(2)(A) and (B).

10. In addition, Local Rule 1015-1 provides as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

11.     The eight Debtors in these cases are The Majestic Star Casino, LLC; The Majestic Star Casino II, Inc.; The Majestic Star Casino Capital Corp.; Majestic Star Casino Capital Corp. II; Barden Mississippi Gaming, LLC; Barden Colorado Gaming, LLC; Majestic Holdco, LLC; and Majestic Star Holdco, Inc. As described in greater detail in the First Day Declaration, each of The Majestic Star Casino II, Inc., The Majestic Star Casino Capital Corp., Majestic Star Casino Capital Corp. II, Barden Mississippi Gaming, LLC, and Barden Colorado Gaming, LLC is wholly owned by The Majestic Star Casino, LLC. Further, each of The Majestic Star Casino, LLC and Majestic Star Holdco, Inc. is wholly owned by Majestic Holdco, LLC. As such, each of the Debtors other than Majestic Star Holdco, Inc. is an "affiliate" of The Majestic Star Casino, LLC, and Majestic Star Holdco, Inc. is an "affiliate" of Majestic Holdco, LLC. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

12.     Given the integrated nature of the Debtors' operations, cash management, and other administrative and operating systems, all as more fully described in the First Day Declaration, joint administration of these cases will provide significant administrative convenience and cost savings without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders that will arise in these cases will affect each and every Debtor. The entry of an order directing joint administration of these cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration will also allow the Court, the Office of the United States Trustee for the District of Delaware, and all parties in interest to monitor these cases with greater ease.

13. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion requests only procedural, not substantive, consolidation of the estates. Parties in interest will not be harmed by the relief requested but, instead, will benefit from the cost reductions and administrative efficiencies associated with the joint administration of these cases. Accordingly, joint administration of these cases is in the best interests of the Debtors' estates, their creditors and other parties in interest.

14. The entry of a joint administration order in multiple related cases is common and generally non-controversial in this district. See, e.g., In re Sun-Times Media Group, Inc., Case No. 09-11092 (Bankr. D. Del. Apr. 1, 2009); In re Masonite Corp., Case No. 09-10844 (Bankr. D. Del. Mar. 17, 2009); In re Portola Packaging, Inc., Case No. 08-12001 (Bankr. D. Del. Aug. 29, 2008); In re Hines Horticulture, Inc., Case No. 08-11922 (Bankr. D. Del. Aug. 21, 2008); In re Pierre Foods, Inc., Case No. 08-11480 (Bankr. D. Del. July 16, 2008); In re ACG Holdings, Inc., Case No. 08-11467 (Bankr. D. Del. July 16, 2008); In re Tropicana Entm't, LLC, Case No. 08-10856 (Bankr. D. Del. May 6, 2008).

15. As set forth above and in the First Day Declaration, the Debtors submit that the joint administration and procedural consolidation of these cases is in the best interests of the Debtors' estates, their creditors, and all other parties in interest.

## Notice

16. In accordance with Local Rule 9013-1(m), the Debtors have served a copy of this Motion on the Office of the United States Trustee for the District of Delaware, and have served an agenda of first day motions on: (a) the Office of the United States Trustee for the

District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to Wells Fargo Foothill, Inc., as administrative agent under the Loan and Security Agreement dated as of October 7, 2003; (d) counsel to the Bank of New York Trust Company, N.A., as indenture trustee for holders of the Debtors' 9½% senior secured notes due 2010; (e) Law Debentures Trust Company of New York, as indenture trustee for holders of the Debtors' 9¾% senior notes due 2011; (f) Wilmington Trust Company, as indenture trustee for holders of the Debtors' 12½% senior discount notes due 2011; (g) the Colorado Department of Revenue Division of Gaming; (h) the Indiana Gaming Commission; and (i) the Mississippi Gaming Commission. Within two days of entry of an order granting the relief requested herein, the Debtors will serve copies of this Motion and such order in accordance with the Local Rules. In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no other or further notice is necessary.

## No Prior Request

17. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form annexed hereto as Exhibit A, granting the relief requested herein and such other and further relief as is just and proper.

Dated: November 23, 2009

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Laura Davis Jones
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: ljones@pszjlaw.com
joneill@pszjlaw.com
tcairns@pszjlaw.com

- and -

KIRKLAND & ELLIS LLP
James H.M. Sprayregen, P.C.
Edward O. Sassower, Esq.
W. Joshua Brant, Esq.
601 Lexington Avenue
New York, NY 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
E-Mail: james.sprayregen@kirkland.com
edward.sassower@kirkland.com
josh.brant@kirkland.com