# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| THE MAJESTIC STAR CASINO, LLC, <u>et al.</u>,[1] | ) Case No. 09-14136 (KG) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Related Docket No. 719** |

## CERTIFICATION OF COUNSEL REGARDING STIPULATION REGARDING DETERMINATION OF DEBTORS' REAL PROPERTY TAX LIABILITY PURSUANT TO SECTION 505 OF THE BANKRUPTCY CODE

The undersigned counsel certifies that:

1. On November 23, 2009 (the "<u>Petition Date</u>"), each of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On November 9, 2010, the Tax Assessor for Lake County, Indiana ("<u>Lake County</u>") filed the *Motion of Lake County, Indiana for Allowance of Claims and Determination of Tax Liability Pursuant to Sections 502, 505(a) and 105(a) of the Bankruptcy Code* [Docket No. 719] (the "<u>Property Tax Motion</u>"). In the Property Tax Motion, Lake County seeks an order

---

[1]  The debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: The Majestic Star Casino, LLC (4986); The Majestic Star Casino II, Inc. (0927); The Majestic Star Casino Capital Corp. (0872); Majestic Star Casino Capital Corp. II (9309); Barden Mississippi Gaming, LLC (8783); Barden Colorado Gaming, LLC (8674); Majestic Holdco, LLC (4648); and Majestic Star Holdco, Inc. (9415). The corporate address for the debtors is 301 Fremont Street, 12th Floor, Las Vegas, Nevada 89101.

(i) determining the Debtors' real property tax liability to Lake County, and (ii) deeming Lake County's secured claims with respect thereto to be allowed claims. The Property Tax Motion was scheduled for consideration at the Debtors' omnibus hearing on November 30, 2010, and objections thereto initially were due on November 23, 2010.

3. On November 18, 2010, the Debtors agreed—subject to the parties' negotiation of a consensual scheduling order—not to oppose Lake County's request to have the Court determine the Debtors' property tax liability, and Lake County extended the deadline for the Debtors, Wells Fargo Capital Finance, Inc., as arranger and administrative agent under the Debtors' senior secured credit facility (the "Senior Secured Credit Facility Agent"), the Bank of New York Mellon Trust Company, N.A., as indenture trustee for holders of the Debtors' 9½% senior secured notes due 2010 (the "Senior Secured Notes Trustee"), and the Official Committee of Unsecured Creditors (the "Committee"), to file objections to the Property Tax Motion through and including December 15, 2010, subject to the parties' rights to request additional extensions.[2] In addition, the parties agreed to request a status conference on the Property Tax Motion at the November 30 hearing and submit a proposed scheduling order for the Court's determination of the Debtors' property tax liability to Lake County pursuant to section 505 of the Bankruptcy Code.

4. Lake County, the Debtors, the Senior Secured Credit Facility Agent, the Senior Secured Trustee, and the Committee, have entered into a stipulation (the "Stipulation") that delineates the parcels and taxable years for which they request the Court to determine the

---

[2] Lake County subsequently extended the deadline for the Debtors, the Senior Secured Credit Facility Agent, the Senior Secured Notes Trustee, and the Committee to object to the Property Tax Motion through and including January 11, 2011, without prejudice to the parties' rights to seek further extensions. For the avoidance of doubt, entry of the Order approving the Stipulation (both as defined herein) shall obviate the need to file an objection or other substantive response to the Property Tax Motion, except as contemplated by the Stipulation.

Debtors' tax liability and establishes a litigation schedule therefor, and clarifies the role of the Debtors' major creditor constituencies therein.

5.     Attached hereto as **<u>Exhibit A</u>** is a proposed form of order (the "<u>Order</u>") that approves the Stipulation.  A true and correct copy of the Stipulation is attached to as **<u>Annex 1</u>** to the Order.

*[Remainder of Page Intentionally Left Blank]*

6. The Debtors respectfully request that the Court enter the Order at its earliest convenience. Counsel is available, should the Court have any questions or concerns with respect to the foregoing.

Dated: January 21, 2011

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*

Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
Wilmington, Delaware 19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: ljones@pszjlaw.com
joneill@pszjlaw.com
tcairns@pszjlaw.com

- and -

**KIRKLAND & ELLIS LLP**
James H.M. Sprayregen, P.C.
Edward O. Sassower, Esq.
Stephen E. Hessler, Esq.
601 Lexington Avenue
New York, NY 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
E-Mail: james.sprayregen@kirkland.com
edward.sassower@kirkland.com
stephen.hessler@kirkland.com

Co-Counsel for the Debtors and Debtors in Possession

4

## Exhibit A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| THE MAJESTIC STAR CASINO, LLC, et al.,[1] | ) Case No. 09-14136 (KG) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) |

## ORDER APPROVING STIPULATION REGARDING DETERMINATION OF DEBTORS' REAL PROPERTY TAX LIABILITY PURSUANT TO SECTION 505 OF THE BANKRUPTCY CODE

Upon the *Stipulation Regarding Order Governing Determination of Debtors' Real Property Tax Liability Pursuant to Section 505 of the Bankruptcy Code* (the "Stipulation");[2] and the terms and provisions of the Stipulation being incorporated herein by reference as if fully set forth in this Order; and it appearing that the Stipulation is in the best interests of the Debtors' estates, their creditors, and all other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED:

1.      The Stipulation is hereby approved.

---

[1]     The debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: The Majestic Star Casino, LLC (4986); The Majestic Star Casino II, Inc. (0927); The Majestic Star Casino Capital Corp. (0872); Majestic Star Casino Capital Corp. II (9309); Barden Mississippi Gaming, LLC (8783); Barden Colorado Gaming, LLC (8674); Majestic Holdco, LLC (4648); and Majestic Star Holdco, Inc. (9415). The corporate address for the debtors is 301 Fremont Street, 12th Floor, Las Vegas, Nevada 89101.

[2]     Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Stipulation.

2. The Court shall retain jurisdiction over all matters pertaining to the implementation and interpretation of this Order and the Stipulation.

Dated: _____, 2011
      Wilmington, Delaware

_____
The Honorable Kevin Gross
United States Bankruptcy Judge

## <u>Annex 1</u>

## Stipulation

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| THE MAJESTIC STAR CASINO, LLC, et al.,[1] | ) Case No. 09-14136 (KG) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) |

## FIRST STIPULATION REGARDING
## DETERMINATION OF DEBTORS' REAL PROPERTY TAX
## LIABILITY PURSUANT TO SECTION 505 OF THE BANKRUPTCY CODE

The Majestic Star Casino, LLC and certain of its affiliates (collectively, the "Debtors"),

the Tax Assessor for Lake County, Indiana ("Lake County," and together with the Debtors, the

"Parties"), Wells Fargo Capital Finance, Inc., as arranger and administrative agent under the

Debtors' senior secured credit facility (the "Senior Secured Credit Facility Agent"), The Bank of

New York Mellon Trust Company, N.A., as indenture trustee for holders of the Debtors' 9½%

senior secured notes due 2010 (the "Senior Secured Notes Trustee"), and the Official Committee

of Unsecured Creditors (the "Committee," and together with the Parties, the Senior Secured

Credit Facility Agent, and the Senior Secured Notes Trustee, the "Stipulation Parties"), hereby

enter into this stipulation (the "Stipulation"), dated January 21, 2011.

---

[1]     The debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: The Majestic Star Casino, LLC (4986); The Majestic Star Casino II, Inc. (0927); The Majestic Star Casino Capital Corp. (0872); Majestic Star Casino Capital Corp. II (9309); Barden Mississippi Gaming, LLC (8783); Barden Colorado Gaming, LLC (8674); Majestic Holdco, LLC (4648); and Majestic Star Holdco, Inc. (9415). The corporate address for the debtors is 301 Fremont Street, 12th Floor, Las Vegas, Nevada 89101.

2

## Recitals

**WHEREAS**, on November 23, 2009, each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court");

**WHEREAS**, the Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, on November 9, 2010, Lake County filed the *Motion of Lake County, Indiana for Allowance of Claims and Determination of Tax Liability Pursuant to Sections 502, 505(a) and 105(a) of the Bankruptcy Code* [Docket No. 719] (the "Property Tax Motion"), seeking an order (i) determining the Debtors' real property tax liability to Lake County, and (ii) deeming Lake County's secured claims with respect thereto to be allowed claims;

**WHEREAS**, the Debtors have real property assessment appeals pending with regard to two riverboat casino vessels[2] that are owned by the Debtors and situated in Lake County for the March 1, 2006, March 1, 2007, March 1, 2008 and March 1, 2009 assessment dates (relating to taxes payable in 2007 through 2010);

**WHEREAS**, the Stipulation Parties have agreed to request that the Court determine (a) the Debtors' real property tax liability to Lake County on account of the Debtors' Vessels (as defined below), or the tax refund payable by Lake County to the Debtors on account of the same, as applicable, for the foregoing years and (b) the assessed values of the Debtors' Vessels for the March 1, 2010 and March 1, 2011 assessment dates (relating to taxes payable in 2011 and 2012), all as set forth in this Stipulation;

---

[2]  Riverboat casino vessels are treated as real property under Indiana law for purposes of property assessment and taxation. Ind. Code § 6-1.1-1-15(5).

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Stipulation Parties that:

1.     **Recitals.** The foregoing recitals form an integral part of this Stipulation and are incorporated fully herein.

2.     **Valuation by the Court.** The Stipulation Parties shall request that the Court determine, in accordance with this Stipulation, the assessed values, for Indiana real property assessment purposes, of the Debtors' two riverboat casino vessels, designated by Lake County as parcel no. 45-03-23-400-902.000-004 ("Vessel I") and parcel no. 45-03-23-400-901.000-004 ("Vessel II," and with Vessel I, the "Vessels"), for the purpose of making a determination under Section 505 of the Bankruptcy Code of the Debtors' real property tax liability to Lake County under Ind. Code § 6-1.1-2-4 resulting from the Debtors' ownership of the Vessels. Vessel I is owned by The Majestic Star Casino, LLC, and Vessel II is owned by The Majestic Star Casino II, Inc.

3.     **First and Second Determined Vessel Values.** The assessed values of the Vessels shall be determined by the Court for the March 1, 2007 assessment date, as of the January 1, 2006 valuation date (the "First Valuation Date") and for the March 1, 2010 assessment date, as of the March 1, 2010 valuation date (the "Second Valuation Date") based upon the law of the State of Indiana, and the assessed values so determined shall be referred to herein as the "First Determined Vessel Value(s)" and the "Second Determined Vessel Value(s)," respectively.[3] The First Determined Vessel Values shall be used to determine property tax

---

[3]     The assessment date in Indiana is March 1 of each assessment year. Ind. Code § 6-1.1-1-2(1). Taxes are payable in the year following the year of assessment. Ind. Code § 6-1.1-22-9(a). For assessment years prior to 2010, real property was valued for Indiana property tax purposes as of January 1 of the year preceding the year of assessment. 50 Ind. Admin Code § 21-3-3(b). For assessment years after 2009, real property is valued as of the assessment date. Ind. Code § 6-1.1-4-4.5(f).

4

amounts payable with respect to the Vessels for the March 1, 2006, March 1, 2007, and March 1, 2008 assessment dates (relating to taxes payable in 2007, 2008 and 2009), and the Second Determined Vessel Values shall be used to determine property tax amounts payable with respect to the Vessels for the March 1, 2009, March 1, 2010, and March 1, 2011 assessment dates (relating to taxes payable in 2010, 2011, and 2012) in accordance with this Stipulation.

4. **First Determined Value Multipliers.** Depreciation shall be applied at the rate of 5% per annum to the First Determined Vessel Values, in accordance with the following table, to determine the assessed values of the Vessels as of the March 1, 2006, March 1, 2007 and March 1, 2008 assessment dates:

| Assessment Date | Tax Payable Year | Valuation Date | Determined Value Multiplier |
|---|---|---|---|
| March 1, 2006 | 2007 | January 1, 2005 | 105.00% |
| March 1, 2007 | 2008 | January 1, 2006 | 100.00% |
| March 1, 2008 | 2009 | January 1, 2007 | 95.00% |

5. **2006–2008 Stipulated Vessel Values.** The stipulated final assessed value of each Vessel for each assessment date set forth in the table in paragraph 4 shall equal the product of (a) the First Determined Vessel Value, multiplied by (b) the Determined Value Multiplier corresponding to that assessment date.

6. **Second Determined Value Multipliers.** Depreciation shall be applied at the rate of 5% per annum to the Second Determined Vessel Values, in accordance with the following table, to determine the assessed values of the Vessels as of the March 1, 2009, March 1, 2010, and March 1, 2011 assessment dates:

5

| Assessment Date | Tax Payable Year | Valuation Date | Determined Value Multiplier |
|---|---|---|---|
| March 1, 2009 | 2010 | January 1, 2008 | 110.83% |
| March 1, 2010 | 2011 | March 1, 2010 | 100.00% |
| March 1, 2011 | 2012 | March 1, 2011 | 95.00% |

7.     **2009–2011 Stipulated Vessel Values.**  The stipulated final assessed value of each Vessel for each assessment date set forth in the table in paragraph 6 shall equal the product of (a) the Second Determined Vessel Value, multiplied by (b) the Determined Value Multiplier corresponding to that assessment date.

8.     **Vessel Tax Liability.**  Real property tax payable on each Vessel for 2007, 2008, 2009 and 2010 (the "Vessel Tax Payable Years") shall be determined (subject to credit for taxes already paid for the Vessel Tax Payable Years in accordance with paragraph 9) as an amount equal to the product of (a) the stipulated final assessed value of the Vessel as of the assessment date corresponding to each Vessel Tax Payable Year (as determined in accordance with paragraphs 5 and 7), multiplied by (b) the effective net tax rate applicable to that Vessel Tax Payable Year, as set forth in the following table:

| Assessment Date | Tax Payable Year | Net Effective Tax Rate |
|---|---|---|
| March 1, 2006 | 2007 | 6.2292% |
| March 1, 2007 | 2008 | 6.1139% |
| March 1, 2008 | 2009 | 4.9407% |
| March 1, 2009 | 2010 | 4.5328% |

The total tax payable on each Vessel for the Vessel Tax Payable Years determined in accordance with this paragraph 8 shall be referred to herein as the "Gross Vessel Tax Payable" for that Vessel.

9. **Credit for Vessel Taxes Paid.** The Gross Vessel Tax Payable for each Vessel shall be offset by the tax amounts previously paid by the Debtors with respect to each Vessel (the "Vessel Taxes Paid") as set forth in the following table:

| Vessel Tax Payable Year | Vessel I | Vessel II | Total - Both Vessels |
|---|---|---|---|
| 2007 | $1,325,161 | $1,116,761 | $2,441,922 |
| 2008 | 1,300,622 | 1,096,082 | 2,396,704 |
| 2009 | 1,051,047 | 885,756 | 1,936,803 |
| 2010 | 964,272 | 812,627 | 1,776,899 |
| Total | $4,641,102 | $3,911,226 | $8,552,328 |

The excess, if any, of the Gross Vessel Tax Payable for each Vessel over the Vessel Taxes Paid for each Vessel shall be referred to herein as the "Net Vessel Tax Liability" for each Vessel. The excess, if any, of the Vessel Taxes Paid for each Vessel over the Gross Vessel Tax Payable for each Vessel, shall be referred to herein as the "Vessel Tax Refund Amount" for each Vessel.

10. **Net Tax Amount.** An amount equal to (a) the Net Vessel Tax Liability, if any, against each Debtor, less (b) the Vessel Tax Refund Amount, if any, due each Debtor, shall be referred to herein as the "Net Tax Amount" for each Debtor. Subject to the terms of section 553 of the Bankruptcy Code,[4] if the Net Tax Amount is a positive number, it shall be the stipulated

---

[4]    This Stipulation shall be deemed a motion filed with the Bankruptcy Court before the Confirmation Date requesting the authority for Lake County to perform any such setoff and otherwise preserving Lake County's setoff rights under section 553 of the Bankruptcy Code and applicable non-bankruptcy law in full,

amount of Lake County's claim for real property taxes payable for the Vessel owned by the applicable Debtor for the Vessel Tax Payable Years, and Lake County shall be entitled to interest on such amount in accordance with Ind. Code §§ 6-1.1-37-9(a)(2) and 6-1.1-37-9(b). Because the Debtors have paid tax while the appeals have been pending in the amounts required by Ind. Code § 6-1.1-15-10(a)(2), Lake County shall not be entitled to any penalties. If the Net Tax Amount is a negative number, the stipulated amount of Lake County's claim shall be zero, and the Net Tax Amount shall be the stipulated amount of the tax refund to which the applicable Debtor is entitled for its respective Vessel for the Vessel Tax Payable Years, and the Debtors shall be entitled to interest on such amount in accordance with Ind. Code § 6-1.1-37-11. The tax refund, including any interest thereon, shall be paid out of Lake County's general fund to the applicable Debtor or Reorganized Debtor, as applicable, by Lake County in accordance with Ind. Code § 6-1.1-15-11. For avoidance of doubt, the Parties are not stipulating as to the nature of Lake County's claim (e.g. secured, unsecured, priority), and the Parties reserve all rights as to such classification.

11. **Final Order on Stipulation.** Within three (3) business days of the Court's issuance of a determination of the First Determined Vessel Values and the Second Determined Vessel Values under paragraph 3, the Stipulation Parties shall submit a form of order for entry by the Court setting forth: (a) the stipulated final assessed values of the Vessels for the March 1, 2006 through March 1, 2011 assessment dates (as determined in accordance with paragraphs 5 and 7); and (b) the amount of the stipulated tax claims or tax refunds resulting from the Court's determination (as determined in accordance with paragraph 10).

---

notwithstanding anything to the contrary in the Debtors' Second Amended Proposed Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code (the "Plan") [Docket No. 839], or the Plan as subsequently amended or modified.

12. **Assessment and Billing of 2011–2012 Taxes.** Upon expiration of the time for appealing the Court's final order under paragraph 11, except as otherwise provided in paragraph 13, (a) Lake County shall issue a notice of assessment for each Vessel that reflects the final assessed value of the Vessel as set forth in the final order for each of the March 1, 2010 and March 1, 2011 assessment dates; and (b) Lake County shall bill and the Debtors shall pay when otherwise due in the ordinary course property taxes payable in 2011 and 2012, respectively, based upon the final assessed values, notwithstanding any contrary action that may be taken by the Calumet Township Assessor or any other person.

13. **Appeal Rights.** Nothing in this Stipulation shall limit either Party's rights to appeal the final order. If either Party appeals the final order with respect to the March 1, 2010 or March 1, 2011 assessment date for either Vessel, upon the entry of a final and non-appealable order: (a) Lake County shall issue a notice of assessment with respect to each Vessel and each assessment date under appeal that reflects the final assessed value resulting from such proceedings; and (b) Lake County shall bill and the Debtors shall pay when otherwise due in the ordinary course property taxes payable in 2011 or 2012, respectively, based upon such final assessed value, notwithstanding any contrary action that may be taken by the Calumet Township Assessor or any other person. Nothing herein shall preclude a Debtor from continuing to pay tax with respect to a Vessel and assessment date under appeal in accordance with Ind. Code § 6-1.1-15-10(a)(2) until such proceedings have concluded. Any bill issued in accordance with subparagraph 13(b) shall reflect a credit for any tax amounts paid while such proceedings were pending. If, after a credit has been applied for tax amounts paid while such proceedings were pending, a Debtor shall have overpaid tax, Lake County shall issue a tax refund out of Lake County's general fund to the Debtor in accordance with Ind. Code § 6-1.1-15-11. Any

additional tax due or any refund payable under this paragraph 13 shall be paid with interest consistent with the provisions of paragraph 10.

14. **Cooperation of the Parties.** Each of the Stipulation Parties shall have a continuing duty to deliver such further documents and to take such further actions as may be reasonably requested to confirm and implement this Stipulation. This Stipulation and any order entered in accordance with this Stipulation shall inure to the benefit of and be binding upon the Stipulation Parties and their successors and assigns.

15. **Confidentiality of Documents.** Any documents or other information disclosed in this matter by a party or non-party (the "Producing Party") that it reasonably and in good faith believes to constitute confidential information may be designated as confidential information ("Confidential Information"). Confidential Information obtained by any party (a "Receiving Party") from any Producing Party may not be used for any purpose except in connection with this litigation or an Indiana tax assessment appeal proceeding between the Debtors (or the reorganized Debtors) and Lake County. Confidential Information shall not be disclosed by the Receiving Party to anyone, except officers, employees or agents of the Receiving Party or other Stipulation Parties, including attorneys, financial advisors and retained valuation experts, who also agree to keep the Confidential Information confidential. Any Receiving Party who wishes to use Confidential Information in this dispute must file such information under seal with the Court. For the avoidance of doubt, this paragraph 15 and paragraph 16 below apply to all of the Stipulation Parties.

16. **Disputes Regarding Confidentiality.** If the Receiving Party at any time objects to the designation or continued treatment of certain information as Confidential Information by the Producing Party, it shall so notify counsel for the Producing Party in writing. Within ten

business days of the receipt of such notice by counsel for the Producing Party, the parties shall meet and confer in a good faith attempt to resolve the dispute. If counsel are unable to agree, it shall be the responsibility of the party contending that the information is not Confidential Information to file a motion to remove such information from the restrictions of this paragraph. On motion to be relieved from the restrictions of this paragraph, the burden of proving that the information is Confidential Information is on the Producing Party, but the original designation by the Producing Party shall stand until the Court rules on the motion.

17. **Destruction of the Property.** In the event of the partial or complete destruction of a Vessel after the date of this Stipulation and before the March 1, 2011 assessment date, the Debtors may elect to withdraw that Vessel from this Stipulation for the March 1, 2011 assessment date by providing notice to the other Stipulation Parties and the Court. This Stipulation shall nevertheless remain in full force and effect as to such Vessel for the March 1, 2006 through March 1, 2010 assessment dates.

18. **Reservation of Rights.** Notwithstanding anything contained herein, no statement of fact stated herein shall be binding on any of the Stipulation Parties hereto in any litigation, including the litigation contemplated hereby, and each party to this Stipulation fully reserves its rights to contest any statement of fact contained in this Stipulation. The Stipulation Parties do not waive and expressly reserve all rights and remedies that would exist in the absence of this Stipulation including, without limitation, all rights, if any, to contest the jurisdiction, power and authority of Lake County to tax the Vessels.

19. **Other Parcels.** The Property Tax Motion and all deadlines relating thereto, including the objection deadlines of the Debtors, the Senior Secured Credit Facility Agent, the Senior Secured Notes Trustee, and the Committee, shall be adjourned as to the eight other

parcels of real property designated by Lake County as parcel nos. 45-03-23-300-901.000-004, 45-03-23-400-002.000-004, 45-03-23-400-001.000-004, 45-03-26-200-001.000-004, 45-03-25-100-003.000-004, 45-03-24-300-002.000-004, 45-03-26-200-005.000-004 and 45-03-36-226-003.000-004 (collectively, the "Other Real Property Parcels"). Subject to the right of Lake County to withdraw the portion of the Property Tax Motion relating to the Other Real Property Parcels at any time, such adjournment shall continue until twenty-one (21) days after the Court's issuance of a determination of the First Determined Vessel Values and the Second Determined Vessel Values, or such other time as agreed by the Debtors and Lake County. Upon the end of such adjournment, the Debtors, the Senior Secured Credit Facility Agent, the Senior Secured Notes Trustee, and the Committee shall have an additional period of not less than fourteen (14) days to object to the portion of the Property Tax Motion relating to the Other Real Property Parcels.

20.     **Scheduling Order.**  The Stipulation Parties shall submit the following proposed schedule for the Court's determination of the assessed values of the Vessels as of the First Valuation Date and the Second Valuation Date:

      a.     <u>Fact Discovery</u>:

          (i)     All written fact discovery shall be served by 4:00 p.m. (ET) on or before January 21, 2011.  Discovery requests may be served electronically by email on counsel;

          (ii)     Responses or objections to written fact discovery served in connection with Paragraph 20(a)(i) hereof, including the production of documents, if applicable, shall be served within ten (10) business days after service of the applicable discovery request, but in no event shall be required to be served earlier than January 7, 2011;

(iii)    The Parties shall exchange, by February 4, 2011 initial witness lists of those fact witnesses that each Party intends to call in each Party's respective case-in-chief;

(iv)    Neither Party shall be required to provide a privilege log;

(v)    Fact discovery shall be limited to facts relevant to the assessed values of the Vessels; and

(vi)    All fact witness depositions, if any, shall be taken on dates to be agreed to by the Parties and shall be completed on or before February 18, 2011. Accordingly, all fact discovery shall be completed by February 18, 2011, provided, however, the Parties shall have the opportunity to depose and/or serve supplemental requests for production of documents concerning any previously undisclosed fact witness identified pursuant to Paragraph 19(c) hereof.

b.    Expert Discovery:

(i)    Disclosure of experts and reports under Fed. R. Civ. P. 26(a)(2)[5] and 26(b)(4), for experts to be called on the issue of the assessed values of the Vessels as of the First Valuation Date and the Second Valuation Date, shall be served by 4:00 p.m. (ET) on February 18, 2011;

(ii)    Depositions of expert witnesses shall be scheduled to be conducted from February 21, 2011 to March 4, 2011;

(iii)    All expert witness discovery shall be completed by March 4, 2011;

(iv)    The Parties agree that they will not pursue discovery of any communications by and between experts and the Parties and their representatives, except to the extent incorporated into reports exchanged pursuant to subsection (i) hereof; and

---

[5]    Pursuant to Fed. R. Bankr. P. 9014, the Parties agree that Fed. R. Civ. P. 26(a)(2), as amended effective December 1, 2010, shall apply to this matter.

(v)     The Parties agree that they will not pursue discovery of any draft expert reports.

c.     <u>Witnesses and Exhibits</u>:  The Parties shall exchange final witness lists of those witnesses (both fact and expert witnesses) that will be called in each Party's respective case-in-chief and copies of exhibits and deposition designations (if any) that will be presented as part of each Party's case-in-chief no later than fourteen (14) days prior to the scheduled date of the hearing of this matter.  If a witness is designated that was not previously disclosed in connection with this action, the Parties shall have the right to schedule the deposition of such witness prior to the hearing including the issuance of a subpoena to compel the attendance of such witness at the deposition.

d.     <u>Motions and Stipulations</u>:

(i)     The Parties shall exchange, by February 4, 2011, a preliminary statement of contentions that each Party intends to raise in opening briefs.

(ii)     All *in limine* motions shall be filed and served by 4:00 p.m. (ET) on March 11, 2011.  All responses to such motions shall be filed and served by 4:00 p.m. (ET) on March 18, 2011.  No *in limine* motion or response thereto shall exceed ten (10) pages in length, exclusive of any tables of contents or authorities.  No Party may file in excess of two (2) *in limine* motions.

(iii)     The Parties shall work together in good faith to stipulate to all undisputed facts relevant to the assessed values of the Vessels as of the First Valuation Date and the Second Valuation Date and shall file a Joint Stipulation of Facts by 4:00 p.m. (ET) on March 4, 2011.

e.     Briefs:  The Parties shall file and serve their respective opening briefs by 4:00 p.m. (ET) on March 11, 2011.  Responsive briefs, if any, shall be filed and served by 4:00 p.m. (ET) on March 18, 2011.

f.     Property Tax Determination Hearing:  The hearing on the Property Tax Motion ("the Property Tax Determination Hearing") shall be conducted on March 24, 2011, beginning at 10:30 a.m. (ET) and on March 25, 2011, beginning at 11:00 a.m. (ET).

21.     **Modification of Deadlines.**  Any deadline set forth in this Stipulation may be modified or extended by agreement of the Stipulation Parties without further order of the Court, provided, however, the Stipulation Parties shall notify the Court by written notice of any such modification or extension within twenty-four (24) hours after such agreement has been reached.

22.     **Creditor Participation.**  The Senior Secured Credit Facility Agent, the Senior Secured Notes Trustee, and the Committee shall be entitled to fully participate in all aspects of this litigation on the terms governing discovery and other aspects of this litigation set forth in the remainder of this Stipulation, including, without limitation, (1) fully participating in all aspects of discovery, including, without limitation, serving discovery requests and being served with discovery requests, reviewing any documents produced by the Parties in this matter, and attending and participating in any depositions, (2) submitting briefs, (3) presenting and cross-examining evidence, and (4) giving oral argument.  For the avoidance of doubt, all rights granted to parties in interest pursuant to 11 U.S.C. § 1109(b) are expressly preserved except as otherwise expressly set forth herein.

IN WITNESS WHEREOF, the parties hereto, by their authorized counsel, have set their hands in agreement as of the date above.

**PARKER POE ADAMS & BERNSTEIN LLP**

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

/s/ *Justin H. Rucki*

| | |
|---|---|
| Charles C. Meeker | Joseph M. Barry (DE Bar No. 4221) |
| Charles E. Raynal IV | Justin H. Rucki (DE Bar No. 5304) |
| Wachovia Capitol Center | The Brandywine Building |
| 150 Fayetteville Street | 1000 West Street, 17th Floor |
| Suite 1400 | Wilmington, Delaware 19801 |
| Raleigh, North Carolina 27601 | Telephone: (302) 571-6600 |
| Telephone: (919) 890-4168 | Facsimile: (302) 571-1253 |
| Facsimile: (919) 835-4552 | Email: jbarry@ycst.com |
| Email: charlesmeeker@parkerpoe.com | jrucki@ycst.com |
| charlesraynal@parkerpoe.com | |

Co-Counsel for the Tax Assessor for Lake County, Indiana

**KIRKLAND & ELLIS LLP**

**PACHULSKI STANG ZIEHL & JONES LLP**

/s/ *James E. O'Neill*

| | |
|---|---|
| James H.M. Sprayregen, P.C., Esq. | Laura Davis Jones (DE Bar No. 2436) |
| Edward O. Sassower, Esq. | James E. O'Neill (DE Bar No. 4042) |
| Stephen E. Hessler, Esq. | Timothy P. Cairns (DE Bar No. 4228) |
| 601 Lexington Ave. | 919 North Market Street, 17th Floor |
| New York, New York 10022 | Wilmington, Delaware 19899 8705 |
| Telephone: (212)-446-4800 | Telephone: (302) 652 4100 |
| Facsimile: (212)-446-4900 | Facsimile: (302) 652 4400 |
| Email: james.sprayregen@kirkland.com | E mail: ljones@pszjlaw.com |
| edward.sassower@kirkland.com | joneill@pszjlaw.com |
| stephen.hessler@kirkland.com | tcairns@pszjlaw.com |

Co-Counsel for the Debtors and Debtors in Possession

**PAUL, HASTINGS, JANOFSKY & WALKER LLP**

Jesse H. Austin, III, Esq.
Cassie Coppage, Esq.
600 Peachtree Street
Suite 2400
Atlanta, Georgia 30308
Telephone:    (404) 815-2400
Facsimile:    (404) 815-2424
Email:    jessaustin@paulhastings.com
    cassiecoppage@paulhastings.com

**DUANE MORRIS LLP**

/s/ *Richard W. Riley*
Richard W. Riley, Esq. (DE Bar No. 4052)
1100 North Market Street
Suite 1200
Wilmington, Delaware 19801
Telephone:    (302) 657-4928
Facsimile:    (302) 657-4901
Email:    rwriley@duanemorris.com

Co-Counsel for Wells Fargo Capital Finance, Inc. as Agent

**LATHAM & WATKINS LLP**

Peter P. Knight, Esq.
233 South Wacker Drive, Suite 5800
Chicago, Illinois 60606
Telephone:    (312) 876-7700
Facsimile:    (312) 993-9767
Email:    pete.knight@lw.com

**REED SMITH LLP**

/s/ *Kurt F. Gwynne*
Kurt F. Gwynne (DE Bar No. 3951)
1201 Market Street, Suite 1500
Wilmington, Delaware 19801
Telephone:    (302) 778-7500
Facsimile:    (302) 778-7575
Email:    kgwynne@reedsmith.com

Co-Counsel for the Senior Secured Notes Trustee

**AKIN GUMP STRAUSS HAUER & FELD LLP**

Michael S. Stamer
One Bryant Park
New York, NY 10036
Telephone:    (212) 872-1000
Facsimile:    (212) 872-1002
Email:    mstamer@akimgump.com

**BLANK ROME LLP**

/s/ *Bonnie Flantz Fatell*
Bonnie Glantz Fatell (DE Bar No. 3809)
David W. Carickhoff (DE Bar No. 3715)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone:    (302) 425-6400
Facsimile:    (302) 425-6464
Email:    fatell@bankrome.com
    carickhoff@bankrome.com

Co-Counsel to the Creditors' Committee