# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE MAJESTIC STAR CASINO, LLC, et al., | ) | Case No. 09-14136 |
| | ) | |
| Debtors. | ) | **Re Dkt No. 719** |
| | ) | |

## ORDER APPOINTING MEDIATOR

The Court has before it a contested matter in these chapter 11 cases, initiated by the Tax Assessor of Lake County, Indiana ("Lake County") by the filing of a Motion for Allowance of Claims and Determination of Tax Liability (D.I. 719) (the "Motion"). The Debtors requested expedited treatment and rejected Lake County's suggestion of mediation. Debtors have now requested an six week adjournment which the Court granted, on the condition that Debtors engage in mediation.

Accordingly, IT IS ORDERED this 7th day of March, 2011, that,

1. The Court appoints Norman M. Monhait, Esquire, as mediator (the "Mediator"). The parties shall share equally in the payment of the Mediator's normal hourly fee and reasonable expenses. The Mediator may, in his discretion, obtain assistance from another attorney in his firm to assist him at such attorney's normal hourly rate.

2. The parties may seek reallocation of payments to the Mediator at the conclusion of the contested matter.

3. The Mediator may perform his work as he deems appropriate, with or without written submissions and formally or informally.

4. The Mediator will not communicate with the Court except with consent of all parties.

5. The mediation proceedings are settlement negotiations, and all offers, promises, conduct and statements, whether written or oral, made in the course of the proceedings, are inadmissible in any arbitration or court proceeding, to the extent otherwise allowed by applicable state law. The parties agree not to subpoena or otherwise require the Mediator to testify or produce records, notes or work product in any future proceedings, and no recording or stenographic record will be made of the mediation session. Evidence that is otherwise admissible or discoverable shall not be rendered inadmissible or non-discoverable as a result of its use in the mediation session. In the event the parties do reach a settlement agreement, the terms of that settlement will be admissible in any court or arbitration proceedings required to enforce it, unless the parties agree otherwise. Information disclosed to the Mediator in a private caucus shall remain confidential unless the party authorizes disclosure.

6. The Mediation will be confidential and the Mediator will treat all documents he receives as confidential.

7. At the conclusion of his work, the Mediator shall file a report advising the Court only that the matter has or has not settled, without any further detail.

8. Debtors' counsel shall promptly send the pleadings relevant to the Motion to the Mediator, and shall provide the Mediator with the names, addresses, telephone numbers, email addresses and client(s) of all attorneys who are participating in the mediation.

9. Upon complying with Paragraph No. 8, Debtors' attorney will schedule a conference call between the Mediator and the parties' attorneys.

Dated: March 7, 2011

_____
KEVIN GROSS, U.S.B.J.